UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 3:99-CR-00135-GNS-CGG-1

UNITED STATES                                                           PLAINTIFF

v.

WILLIAM BULLUPS                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant William Billups' ("Billups")[1] Motion to Release Detainer, Renew. (Def.'s Mot. to Release Detainer, Renew, DN 200 [hereinafter Def.'s Mot.]). The motion has been fully briefed and is ripe for a decision.  For the reasons stated below, the motion is **DENIED**.

## I.      BACKGROUND

Billups is currently serving a sentence as to two Kentucky criminal cases. Kentucky Online Offender Lookup (Feb. 6, 2015), http://kool.corrections.ky.gov/KOOL/Details/247094. The Kentucky Parole Board last reviewed his case for parole on January 22, 2015, at which point he received a 24-month deferment. (Def.'s Mot. 1). In his Motion, Billups states that the Kentucky Parole Board recommended that he obtain a release from the federal detainer stemming from this action. (Def.'s Mot. 1). Billups asks that, in light of this recommendation from the Kentucky Parole Board and the fact that his five children need his help and financial support, this Court place him back on probation, thus releasing the detainer. (Def.'s Mot. 1-2).

---

[1] While Billups' name is spelled "Bullups" in the style of this action, the correct spelling of his name is "Billups." (Mem. & Order, DN 200).

## II.   DISCUSSION

Billups request is, in effect, a motion to modify his sentence, as was the last such similarly styled motion that he filed. (Mem. & Order ("Essentially, Defendant is asking the Court to modify his sentence . . . .")). Federal law provides only three circumstances under which a court may modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c).

The first requires a motion from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). No such motion has been made in this case.

The second provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Billups has not cited a statute that would allow the Court to modify his sentence.  He has also not alleged a clear error in his sentence, and the United States has not made a motion to reduce his sentence based on substantial assistance, rendering Federal Rule of Criminal Procedure 35 inapplicable. Fed. R. Crim. P. 35.

The final circumstance authorizing modification of a prison sentence is when a defendant has been sentenced based on a sentencing range that has been subsequently retroactively lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2). Billups has not alleged that such is the case.

Absent a statutory basis for modification, the Court may not modify Billups' sentence. *See United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010). *See also United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) ("A district court may modify a defendant's sentence only as provided by statute." (citation omitted)). Accordingly, Billups' motion to release detainer is **DENIED**.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Billups' Motion to Release

Detainer, Renew (DN 200) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
August 24, 2015

cc:    counsel of record

3