UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:99-CR-00135-GNS

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

WILLIAM BILLUPS                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Reinstatement (DN 207). This matter is ripe for adjudication. For the reasons stated below, Defendant's motion is **DENIED**.

Defendant William Billups ("Billups") is currently serving a sentence of fifteen years in a Kentucky state prison. (Def.'s Mot. for Reinstatement 1, DN 207). Billups requests that this court "reinstate his Three [sic] (3) year supervised probation pertaining Criminal Action No. 3:99-CR-00135." (Def.'s Mot. for Reinstatement 1). Additionally, Billups requests "that the detainer that has been placed on him be removed so that he may have a chance at making parole in January of 2017." (Def.'s Mot. for Reinstatement 1). Billup's motion is more accurately characterized as a motion to modify his sentence under 18 U.S.C. § 3582, as were the last two similarly styled motions (DN 199, 206) that he filed.

Upon reviewing the request, the Court finds no basis under 18 U.S.C. § 3582 or any other applicable law to grant Billups' request. Under Section 3582, a court may not modify a sentence except in three circumstances. Modification under 18 U.S.C. § 3582 is permissible:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "By its terms, this provision 'applies only to a limited class of prisoners.'" *Woodruff v. United States*, No. 14-1054, 2016 WL 1562980, at *6 (W.D. Tenn. Apr. 18, 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 825-26 (2010)).  Billups has not alleged any facts that support the application of Section 3582; thus, he has not demonstrated that he is a member of the limited class of prisoners to which the statute applies.  The Court may not modify Billups' sentence absent a statutory basis for modification.  *See United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010).  Therefore, Billups' motion for reinstatement is denied.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Reinstatement (DN 207) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 29, 2016

cc:  counsel of record
    Defendant, *pro se*